# SUPERIOR COURT

Mary Canning
vs.
Isaac Sharfstein
and
Mrs. Anna Heifitz

RESCRIPT

January 7, 1925

BAKER, J. Heard on demurrer to the declaration.

The grounds alleged in the demurrer are as follows:

"1. Said defendants are improperly joined.

2. It does not appear in and by said declaration whether the acts complained of constitute joint tort or separate tort acts of each defendant.

3. It does not sufficiently appear in said declaration that the defendants are properly joined or the reason for joining them."

The declaration in the case first alleges that at the time and place of the alleged tort the defendant, Mrs. Heifitz, was the owner of a certain automobile which at that time was being operated by the defendant Isaac Sharfstein who was then the agent and servant of the defendant, Mrs. Anna Heifitz. It does not appear from any direct allegation in the declaration whether or not the defendant, Mrs. Anna Heifitz, was in the automobile at the time the occurrence in question took place. The declaration then, however, avers that "it then and there became and was the duty of said defendants to drive, operate and control said automobile in a safe and reasonable manner. * * * Yet said defendants, carelessly and negligently disregarding their duty as aforesaid, at the time and place aforesaid, carelessly, negligently and improperly drove, operated and controlled said automobile so that the same came into collision with the body of said plaintiff * * *."

It appears to the court, after considering the pleadings, that the allegations of the declaration are not clear. The first part of the declaration apparently alleges a cause of action against two defendants, one being described as principal and the other as agent. This being so, it would seem that the plaintiff can not well claim that she is seeking to bring herself within the provisions of the law which allows her to join defendants where she is not sure which one is responsible for the alleged tortious

act. The latter part of the declaration apparently alleges that both defendants disregarded their duty and committed the alleged negligent acts which it is claimed injured the plaintiff. In the opinion of the court the defendants are entitled to a more specific allegations of the acts complained of in order that it may appear from the declaration whether or not such acts constitute the joint tort of the two defendants or separate tort acts of each defendant or whether the plaintiff is merely seeking to join a principal and her agent as defendants for the same alleged acts of negligence.

The court is of the opinion that the declaration is vague and uncertain in this regard. The second and third grounds of the defendants demurrer are therefore sustained.

The plaintiff has leave to file an amended declaration within ten days from the date of the filing hereof and the defendants may have ten days from the date of the filing of said amended declaration to plead or demur.

For Plaintiff: James D. Watts.

For Defendants: Hinckley, Allen, Tillinghast & Phillips.